JAMES R. BUCHANAN ET AL. v. THE GRAND RIVER AND
GREENVILLE LOG RUNNING COMPANY.

*Water-rights—Injunction to protect milling privileges against injury from
log-driving.*

The right to obtain water-power from a stream for milling purposes, and
the right to use the stream for the floatage of logs, modify each
other; and though the exercise of each may render the other less
valuable, there is no ground for complaint if it is considerate and
reasonable.

The owner of a mill which had been idle for some time sought an
injunction against a log-driving company to restrain it from holding
back the waters of the river by dams and jams of logs, and from
flooding the reservoirs, alleging that by frequent floods and jams it
had crushed complainant's boom and boom piers, carried away his
logs and torn out a part of his dam, and that complainant had also
been thereby prevented from repairing the dam; that the floods
injured the water-power and endangered the mill property and
deprived complainant of the use of his mill and greatly lessened its
value. Defendant claimed to have exercised its right of floatage
with due regard for the right of mill-owners and to aid the natural
floatage, and that the necessity for doing this was largely caused by
the interference of the mill-dams with the natural floatage. *Held*,
that the bill should be dismissed without prejudice and complainant
left to pursue his remedy at law. It would be difficult to protect
complainant's rights by injunction without the risk of doing injury,
as no court could prescribe in advance the times and occasions when
flooding would be reasonable and lawful, nor determine how far a
particular jam may be attributable to complainant's dam rather than
defendant's misconduct or mismanagement, or be justified by com-
plainant's failure to make sufficient provision for the passage of logs
over the dam. *Held, also*, that although the fact that the mill had
not been used since defendant had been in existence, does not
affect complainant's legal rights, it is a farther reason for caution in
awarding an injunction as it increases the difficulty in laying down
rules to govern the parties when the mill should be started.

Appeal from Kent. Submitted April 12. Decided June 7.

INJUNCTION bill. Dismissal affirmed without prejudice.

*Taggart & Wolcott* for complainants.

*J. C. FitzGerald* for defendant.

COOLEY, J.   This is an injunction bill.   The general
purpose is to restrain the defendant from interfering with
the natural flow of water in Flat river to the prejudice of
complainants.

The complainants are owners of a mill site and mill on
said river in the township of Vergennes, and their motive
power is obtained by means of a dam erected and maintained
by them.   Defendant is a corporation engaged in running
logs and timber down Flat river and Grand river, and from
the year 1874 when it was organized to the time of the filing
of the bill in 1880 had run from fifty to one hundred and
fifty million feet of logs annually past complainant's mill
and dam.

It is alleged in the bill that during the greater part of the
year Flat river is too shallow to float logs in its natural con-
dition, and that defendant is in the habit of accumulating
the waters of the river and its tributaries in large reservoirs,
formed by numerous dams which it owns or controls, and
of flooding from those reservoirs to enable its employes to
run logs more advantageously and at times when they could
not be run upon the natural stream.   That such floods are
of such size and violence that mill-owners are compelled to
open their waste weirs and sluices to save their property
from destruction, and that complainants are thus kept in
constant danger, and are often unable to prevent danger to
their mill and dam.

That defendant is also in the habit of building temporary
dams, commonly called jams, of logs for the purpose of
raising the water in the rear of such jams, and that thereby
the water is often raised even higher than by the floods from
their permanent dams ; and that when such jams are broken,
the mass of accumulated logs is driven down stream by the
water with resistless force, and dams, booms and fences, or
anything else which is encountered, are endangered, injured
or destroyed.

That by such floods and jams of logs the defendant
crushed the booms and boom-piers of complainants in 1877,
carried away logs and tore out a part of the dam, thereby
inflicting injury for which compensation was refused.   That.

complainants have vainly endeavored to repair the dam, but have been prevented by the floods and jams caused by defendant from doing so. That at the time of filing the bill there was a jam of from thirty to forty million feet of logs resting above and against the dam, and threatening to tear out the remainder of it.

That the holding back of the water by the defendant injures the water-power, and that letting it loose in floods both injures the water-power and injures and endangers the mill and the mill property; and that the result of these practices by the defendant has been to deprive the complainants of the use of their mill, and to greatly lessen the value thereof.

And the bill prays that defendant be enjoined from holding back the water of Flat river by means of dams, reservoirs or jams, and from flooding such reservoirs, and from setting back and damming the waters of said river by the use of jams of logs.

The answer makes an issue upon the right of complainants to maintain their dam, insisting that the authority they claim to have for the purpose from the county board of supervisors is ineffectual for various reasons which we do not find it necessary to examine. It admits that defendant is in the practice of causing floods on Flat river to assist the floating of logs, but claims that in doing so no attempt is made to create a navigation that did not exist by nature, but only to aid the natural floatage in times of low water, and that the necessity for this is largely caused by the interference of the dams of complainants and others with the natural floatage. It insists that in whatever has been done in this direction by defendant careful regard has been had for the rights of mill-owners, and it denies specifically that complainants have any cause for complaint.

This is a very brief statement of the issue. A great mass of testimony, which appears before us in two large volumes, was taken upon it, and the circuit court upon consideration of this evidence dismissed the bill with costs.

It is manifest from this statement of the issue that the question before the court is one of the reasonable use by the

parties respectively of the waters of Flat river. Complainants have a right to make use of them for milling purposes, and their case is that defendants unreasonably interfere with the enjoyment of this right. Defendants have a right in common with the whole public to make use of the waters for floating logs, and they claim that they assert and enjoy this right in a careful and prudent manner, and with no unnecessary interference with the rights of any one. The questions presented—at least on this branch of the case—are therefore purely questions of fact. Defendant has no rights which are paramount to those of complainants; *Middleton v. Flat River Booming Co.* 27 Mich. 533; *White River etc. Co. v. Nelson* 45 Mich. 578; nor have they a right to monopolize the stream to the prejudice of public floatage. Each right modifies the other and may perhaps render it less valuable, but this fact, if the enjoyment of the right is in itself reasonable and considerate, can furnish no ground for complaint. *Thunder Bay Booming Co. v. Speechly* 31 Mich. 336; *Dumont v. Kellogg* 29 Mich. 425; *Gould v. Boston Duck Co.* 13 Gray 452; *Snow v. Parsons* 28 Vt. 459.

But rights thus related it is exceedingly difficult to protect by injunction without incurring the danger of causing more mischief than the writ could prevent. The decree awarding an injunction could not well go beyond laying down general principles; and these would be merely declaratory of rules of law which nobody disputes, and which both parties profess to accept and obey. Defendant is entitled to use the stream for its purposes; and flooding may at times be perfectly reasonable and lawful. No court can in advance prescribe the times and occasions, and no court can in advance determine how far a particular jam of logs may be attributable to complainants' dam rather than to defendant's misconduct or mismanagement, or be justified by the failure of complainants to make sufficient provision for the passage of logs over their dam. Where specific acts can be forbidden, an injunction may be proper; but where the questions from their nature must be perpetually recur-

ring, and are only questions of what is reasonable in view of the special facts, it is seldom that an attempt to preclude the violation of right by issuing a mandatory writ can be of any avail. On this subject we refer to what is said in *Bradfield v. Dewell* ante p. 9, decided at the last term.

But the denial of an injunction may be justified in this case for the reason that complainants are not, nor have they been since defendant has been in existence, in the use and enjoyment of their water-power for milling purposes. They assign as a reason for this that the misconduct of the defendant has precluded such use; but the proof is clear that from 1873 to 1877 the mill was allowed to lie idle for reasons with which defendant had no connection whatever. The question then is this: whether complainants are entitled to an injunction to restrain the commission of such acts as would impede them in entering upon the use of a mill which has long stood idle; their complaint being not that defendant interferes with an existing business, but that it prevents one being established. The legal rights of complainants are not any less by reason of their mill having stood idle; if they own the dam and the site, they are entitled to make use of them: *Hoy v. Sterrett* 2 Watts 327; but the fact is an additional reason why the court should be cautious in awarding an injunction, for it increases the difficulty in laying down rules to govern the conduct of the parties when the mill shall be put in operation. A rule that should now seem to be necessary for complainants' protection might then be found needless, and on the other hand what should seem sufficient now might then be found unsatisfactory and ineffective. The remedy at law is far better adapted to the case than any which can be afforded in equity, and they must be left to pursue it. *Bradfield v. Dewell* supra; *Hall v. Rood* 40 Mich. 46; *Wing v. Sherrer* 77 Ill. 200.

The decree will be so modified as to make the dismissal of the bill without prejudice, but in other respects it will be affirmed with costs.

The other Justices concurred.