See note to this case in 25 N. W. Rep. 662.—REP.

---

Miller, Respondent, vs. Sherry, Appellant.

*January 12 — February 2, 1886.*

*Navigable river: Defective dam: Injury caused by jam of logs.*

The owner of a dam and booms across a river navigable for the running of logs cannot recover for an injury thereto caused by a jam of logs at that point occasioned in part by the negligence of the owner of such logs in running the same, if the dam and booms were so defectively constructed as to increase the danger of a jam and of injury to the dam, and such faulty construction contributed directly to the injury in question.

VOL. 65 — 9

APPEAL from the Circuit Court for *Shawano* County.

The plaintiff occupied a saw-mill and dam on Red river, in Shawano county, in 1883. That river, although not meandered, is navigable in fact for the running of logs thereon to market. The plaintiff's dam is constructed with a chute and sheer booms, to facilitate the running of logs through it. The defendant operates a flood dam above the dam occupied by the plaintiff, by which he holds the water of the river, and discharges it from time to time to aid in floating logs down the stream. In July, 1883, when he was so flooding the stream below for that purpose, a jam of his logs occurred at or near the dam and chute of the plaintiff, by means whereof such dam was broken and washed out, and the mill so occupied by the plaintiff was also thereby injured. This action was brought to recover damages for such injuries.

A special verdict was returned, in which the jury found the above facts, and also the different items of damage suffered by plaintiff. The jury also found that the flooding dam was an aid to navigation, and that its use for that purpose by the defendant, in July, 1883, when the accident occurred, was a reasonable and proper use and operation thereof; but that the injuries to plaintiff's property complained of were occasioned by the want of ordinary care by the servants of defendant in running the logs through the dam of the plaintiff. On the other hand, the jury found that the plaintiff's dam was a hindrance to navigation; that it was not properly built, nor of sufficient strength to bear the strain of the usual spring freshets in Red river; that the sheer booms leading to the shore and chute were not of sufficient strength, structure, fastenings, and position to make the passage of logs through the dam practically safe and certain; and that the insufficiency of the sheer booms in those respects was liable to cause a jam of logs at the chute; also that there was no practical difficulty in the way

of making the structure safe for the passage of logs. The jury also found that the discharge of water through the flooding dam, when the injury was incurred, did not raise the water in plaintiff's mill dam higher than it was raised by the ordinary spring freshets; and that the injury was not occasioned by the unreasonable use of the flooding dam and river by the defendant for the purpose of driving logs.

Each party moved for judgment on the special verdict. The motion of the plaintiff prevailed, and judgment was rendered in his favor for the aggregate of the items of damage specially found and assessed by the jury — amounting to $560 — and for costs. A motion by the defendant for a new trial was denied. The defendant appeals from the judgment.

*Moses Hooper*, for the appellant, argued, among other things, that there being no legislative act authorizing this dam, and it being across a navigable river for purely private purposes, it was a pourpresture and, so far as it hindered navigation, a nuisance. *Olson v. Merrill*, 42 Wis. 212, 214; *Diedrich v. N. W. U. R. Co.* id. 263; *Veazie v. Dwinel*, 50 Me. 485; *Fort Plain Bridge Co. v. Smith*, 30 N. Y. 63; *Stevens Point Boom Co. v. Reilly*, 44 Wis. 305; *S. C.* 46 id. 237, 242; *Wis. R. Imp. Co. v. Lyons*, 30 id. 66, 67; *Cohn v. Wausau Boom Co.* 47 id. 322; Gould on Waters, secs. 92, 140; *A. C. Conn Co. v. L. S. L. & M. Co.* 55 Wis. 586-7; *Hubbell v. Goodrich*, 37 id. 86; *Knox v. Challoner*, 42 Me. 150; *Comm. v. Caldwell*, 1 Dall. 150; *State v. Antoine*, 40 Me. 435; *Selman v. Wolfe*, 27 Tex. 68; *Arundell v. M'Culloch*, 10 Mass. 70. The right to use the waters of a navigable stream for hydraulic purposes is servient to the right of navigation so long as that right is exercised in a reasonably prudent manner. Gould on Waters, secs. 86-88, 90, 92, 108; *Stevens Point Boom Co. v. Reilly*, 44 Wis. 305; *Milwaukee G. L. Co. v. Schooner "Gamecock,"* 23 id. 144; *Diedrich v. N. W. U. R. Co.* 42 id. 264-5; *People's Ice Co. v. Steamer "Excelsior,"* 44

Miller vs. Sherry.

Mich. 234–5; *White R. Booming Co. v. Nelson*, 45 Mich. 578; 3 Washb. on R. P. (4th ed.), 107–110; *Thompson v. A. R. Imp. Co.* 54 N. H. 545; *Blanchard v. W. U. Tel. Co.* 60 N. Y. 515–17; *Parks v. Morse*, 52 Me. 260; *Neubold v. Mead*, 57 Pa. St. 492; *McCready v. Virginia*, 94 U. S. 391; 3 Kent's Comm. 411; *State v. Antoine*, 40 Me. 435; *Flanagan v. Philadelphia*, 42 Pa. St. 229, 230; *Canal Appraisers v. People*, 17 Wend. 571, 595; *People ex rel. Loomis v. Canal Appraisers*, 33 N. Y. 461. The dam being a nuisance and subject to be removed by a navigator, no claim can be made for damages unless the injury was wilful. *Bowden v. Lewis*, 13 R. I. 189; Gould on Waters, sec. 92, n. 4; *Earp v. Lee*, 71 Ill. 193; *Brightman v. Bristol*, 65 Me. 431; *Sherman v. Fall River I. W. Co.* 5 Allen, 216; *Arundel v. M'Culloch*, 10 Mass. 70, 71; *Philiber v. Watson*, 14 Pa. St. 306; *Brown v. Perkins*, 12 Gray, 101; *Indianapolis v. Miller*, 27 Ind. 394; *State v. Moffitt*, 31 Iowa, 316; *State v. Parrott*, 71 N. C. 311; *Selman v. Wolfe*, 27 Tex. 68.

*E. J. Goodrick*, for the respondent, contended, *inter alia*, that a riparian owner on a stream navigable for running logs to market is entitled to the natural flow of the stream to and past his premises, as against a person using the stream as a highway for running logs; and the latter has no right to monopolize the stream and, if necessary to get his logs out, detain the water in reservoirs by means of flooding dams in order that by letting it off occasionally and suddenly a flood may be obtained to float his logs. *Vliet v. Sherwood*, 35 Wis. 229; *Black R. Imp. Co. v. La Crosse B. & T. Co.* 54 id. 659–682; Gould on Waters, secs. 110, 204, 218, and cases cited; 6 Wait's Act. & Def. 260–262, 266–7, 274–5; *Grand Rapids Booming Co. v. Jarvis*, 30 Mich. 308–318; *Clinton v. Myers*, 46 N. Y. 511; *Brace v. Yale*, 10 Allen, 441; *Timm v. Bear*, 29 Wis. 254; *Thunder Bay R. Boom Co. v. Speechly*, 31 Mich. 336; *Woodin v. Wentworth*, 23 N. W. Rep. 813. Appellant was not a riparian owner,

and hence any interference with the regular flow of the
river was wholly wrongful.  It was the interference of a
stranger, and no question of the reasonableness of his action
.in operating the flooding dam can arise.  *Dumont v. Kel-
logg*, 29 Mich. 420; Gould on Waters, 383.  The plaintiff is
.not estopped to recover damages because his sheer booms
were insufficient to make the passage of logs practically
safe and certain while being run upon an artificial flood
which greatly exceeded the natural capacity of the stream
and overflowed its natural banks.

LYON, J.  The learned circuit judge held, in effect, that
the flooding of the river below with the waters accumu-
lated in the flooding pond, in aid of the navigation of Red
river, was a lawful use of that stream; but that the right
of the defendant so to use it is not paramount to the plaint-
iff's right to maintain his dam and use the stream for pro-
pelling his saw-mill.  In other words, he held that the rights
of a navigator of the river who maintains an improvement
thereon in aid of navigation, and of a riparian owner who
utilizes the stream for other purposes, are equal, and that
both are to be protected in the reasonable use of the stream
for their respective purposes.
We shall not determine here whether this is a correct legal
proposition; for, whether it is so or not, it is certainly as favor-
able to the plaintiff as the law will admit.  If the right of
the plaintiff to maintain a dam upon the stream to raise a
head of water to propel his saw-mill be conceded as equal
to the right of the defendant to float his logs down the
stream (incidental to which is the right, at proper times,
reasonably to increase the volume of water in the stream
by artificial means), the plaintiff cannot lawfully ask for any
further or greater concession.  On this basis, if the negli-
gence of the defendant's servants was the sole cause of the
jam of logs which caused the disaster to plaintiff's property,

the defendant would be liable for the damages thereto. This is clear. It is equally clear that if the dam and sheer booms of plaintiff were so defectively constructed and maintained that the danger of a jam of logs at the chute and the breaking of the dam was thereby increased, and that the faulty construction of such dam and booms directly contributed to the breaking of the plaintiff's dam and the consequent injury, the plaintiff cannot recover.

The jury found that the sheer booms were insufficiently constructed, located, and fastened to render the passage of logs through the chute practically safe and certain; that the dam was insufficient to bear the strain of ordinary spring freshets; that the plaintiff's structures were a hindrance to the navigation of the river; and that there was no practical difficulty in so constructing the sheer booms as to make such passage of logs practically safe. If these findings are upheld, the defendant cannot properly be held liable in this action, for the proofs show that such faulty construction of the sheer booms contributed directly to the injury of which the plaintiff complains. There is a finding to the effect that the plaintiff was not guilty "of a want of ordinary care in building, equipping, booming, or managing his mill and mill-dam, that contributed to the happening of the injury complained of." If this finding extends to the sheer booms, it is unsupported by the testimony, which is almost or quite conclusive that they were negligently and insufficiently constructed, and that such faulty construction contributed largely to cause the jam of logs and the injuries complained of. To that extent, therefore, the finding should be disregarded.

Our conclusion is that judgment for the defendant should have been rendered on the special verdict.

Counsel for both parties ably argued the question of the relative rights of navigators and riparian owners to the use of small streams which, although navigable in fact, are not

meandered or specially declared navigable by law, and whether as to such streams the rules are applicable which prevail if the stream is meandered or has been so declared navigable. We do not reach that question here, and do not determine it.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to give judgment for the defendant.