# Harold *v.* Jones.

*Action for Damages, on account of Obstruction of Navigable Stream.*

1. *Use of highway; obstruction as cause of action.*—All persons have an equal right to the reasonable use of a highway, whether on land or water, each depending on the same general principles; and though the enjoyment by one person necessarily interferes with the use by another for the time being, an unreasonable obstruction, or an obstruction for an unreasonable length of time, is a public nuisance, for which an action lies in favor of any person who suffers special injury.

2. *Same; what is reasonable use.*—What is a reasonable use, depends on the character of the highway, its location and purposes, and the necessity, extent and duration of the use, under all the circumstances of the particular case; the general rule being, that when the use constitutes an obstruction of the highway, it must be only partial and temporary, in the ordinary and contemplated manner, must be justified by necessity and convenience, and must continue no longer than the necessity exists, allowing a reasonable time for its removal.

3. *Case at bar; Sepulga creek as highway.*—Sepulga creek, in Conecuh and Escambia counties, having been declared a public highway, "for all the purposes of floating and rafting lumber, logs, and timber" (Sess. Acts, 1872-3, p. 135); and the evidence in this case showing (1) that it is capable of this use only in periodical seasons of high water, and (2) that the construction of booms for this purpose is customary and contemplated; an action does not lie against the defendant, who had erected a boom in the stream at a low stage of the water, for

[Harold v. Jones.]

the damage caused to plaintiff in floating down logs from above, if he did · not continue the boom for an unreasonable period, and used due care and diligence to prevent the formation of jams, or to break and remove them when formed; nor is he required to keep, at all times, a force sufficient to break jams as soon as formed, since this would be more than reasonable diligence.

4. *Contributory negligence.*—If plaintiffs, knowing of the obstruction of the stream by defendant's boom, drove their rafts down without allowing defendant a reasonable time to remove it, they would be guilty of contributory negligence, which would defeat an action for damages on account of the loss of their logs; though they might recover the natural and proximate damages resulting from delay in rafting their logs down the stream on account of the obstruction.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

Action for damages, by S. A. Jones and F. B. Jones, against George Harold, Andrew Harold, and Samuel Scott. The bill of exceptions purports to set out all the evidence. The opinion states the material facts. The court charged the jury, on request of the plaintiffs, "that due diligence means enough hands to constitute force ufficient to break jacks (or jams), if they were formed; and this is a question for the jury to solve from the evidence, taking into consideration the number of logs loose in the creek, the natural effect of the force of the water in driving them together, with all the other evidence." The defendants excepted to this charge, and also to the refusal of the following charges, which were asked by them in writing: (1.) "The law only requires reasonable diligence on the part of the defendants to prevent the formation of a jack (or jam), or to break or remove it after it was formed; and if the evidence shows that they did use reasonable and due diligence to prevent or avoid the formation, or to remove or break the same after it was formed, then they are not guilty of obstructing the stream, so as to render them liable in this case." (2.) "The defendants had a reasonable time within which to remove any obstructions caused by the reasonable and proper use of the stream; and if the plaintiffs negligently ran into said obstructions, without giving time for defendants to remove them, and thereby sustained loss or injury, they can not recover because of their own contributory negligence."

The charge given, and the refusal of the charges asked, are now assigned as error.

M. A. RABB, G. R. FARNHAM, and JOHN GAMBLE, for appellant, cited Whart. Negligence, §§ 118–20, 421, and notes; Bigelow on Torts, 596; 53 N. Y. 654; 17 Mich.

[Harold v. Jones.]

99; 18 How. 584; 3 Wall. 310; 7 Blatch. C. C. 361; 65 Penn. St. 136; 72 Penn. St. 140; 101 Mass. 445–64; 6 Gray, 64; 22 Vt. 213; 56 Amer. Rep. 241; 80 Ala. 123; 69 Ala. 106; 67 Ala. 114.

CLOPTON, J.—The plaintiffs and defendants were engaged in the business of floating and rafting timber over the waters of the Sepulga creek, to the Conecuh river, and thence to Ferry Pass, Florida, which was the place of market. When the water in the creek was at low stage, the timber was prepared and placed in booms for safe keeping and preservation, until the water was in condition fit for floating. Plaintiffs' boom was above the boom of defendants. The defendants had several thousand pieces of timber in the creek, which had jammed, or, as the witnesses designate it, had formed "jacks." Early in July, 1887, the plaintiffs began to raft·their timber, there being a rise of the water in the creek, and were delayed in reaching the point of destination by reason of the jams, which had to be broken. They claim that they were put to expense in breaking the "jacks", and that the price of timber declined during the delay, whereby they ·suffered damages, to recover which they bring this action. The *gravamen* of the action is, that the defendants obstructed the creek by the jams, and kept and continued the obstruction, whereby its navigation was destroyed for an unreasonable time. At the request of the plaintiffs, the court charged the jury, "that due diligence means enough hands to constitute force sufficient to break the jacks, if they were formed"; and refused to instruct the jury, as requested by defendants, that the law only required reasonable diligence to prevent the formation of "jacks", or to break or remove them when formed, "and if the evidence shows that defendants exercised reasonable and due diligence to prevent their formation, or to remove or break them after they were formed, then they are not guilty of obstructing the stream, so as to render them liable for damages in this action."

By an act of the General Assembly approved April 19, 1873, Sepulga creek, and other streams in the counties of Conecuh and Escambia, "were made, constituted and declared to be public highways, for all the purposes of floating and rafting lumber, logs, and timber upon their waters." Acts 1872-3, 135. The right to use water-courses as highways, and the right to use highways upon land, are analo-

gous, and depend on the same general principles. The general rule is not controverted, that an individual may maintain an action to recover damages, who has suffered special injury in consequence of obstructions to a highway, whether upon land or water, which constitute public nuisances. Any and all of the public have an equal right to the reasonable use of a highway; but the enjoyment by one necessarily interferes to some extent, for the time being, with its free and unimpeded use by others. No precise definition of what constitutes a reasonable use, adapted to all cases, can be laid down. Whether or not any particular use is reasonable, depends on the character of the highway, its location and purposes, and the necessity, extent and duration of the use, under all the attendant and surrounding circumstances. The general limitations upon the use are, that when it constitutes an obstruction to the highway, it must be of a partial and temporary character, justified by necessity and convenience, and in the ordinary and contemplated use of the highway. It must not be incompatible with the reasonable free use of others, who may have occasion to travel or transport over it, and the obstruction must not be continued longer than the continuance of the necessity and a reasonable time for its removal. On this principle, a builder may place the materials for an adjacent structure, or a merchant may place his goods in a street, to be removed in a reasonable time. Wagons, carts and other vehicles may stand in a highway, for the temporary purpose of loading or unloading. These are not considered unlawful obstructions to a highway upon land. The same principles are applicable and regulate the use of watercourses as highways. The right of transportation over a stream includes the right to make such uses of it as are essential to the exercise and enjoyment of the right to navigate and transport. Such a right has been held to include the right of anchorage, of mooring to wharves, and to moor logs and rafts for the purpose of making up or breaking the rafts, provided there is no interference with the rights of riparian proprietors.—81 Amer. Dec. 587.

The statute declares Sepulga creek to be a public highway, for the purpose of floating and rafting lumber, logs and timber. It is capable of this use only in periodical seasons of high water, and consequently is a public highway only during such seasons. While no one is justified in permanently obstructing the channel of the creek, temporary

obstruction for the purpose of preparing and securing timber for future transportation, and necessary to · the useful navigation of the creek at suitable seasons, does not constitute a violation of the rights of others, if such obstructions are in the customary and contemplated mode, and are not unnecessarily and unduly continued. The construction of booms for this purpose appears to be customary and contemplated. If a boom is indispensable to a reasonable enjoyment of the creek as a public highway, and it is discontinued or removed in a reasonable time after the necessity for it ceases, its erection during a low stage of the water, when the creek can not be used for floating or rafting, is not unlawful, and the boom does not constitute a nuisance, for which an action can be maintained. The right to construct and extend a boom, for such purpose and at such time, carries with it the right to keep it extended a reasonable time.—*Weir v. Smith*, 8 Amer. Rep. 621; *Graves v. Shattuck*, 69 Am... Dec. 536.

Ordinary care consists in doing that which a reasonable, prudent man would do, or in omitting to do that which a reasonable and prudent man would not do, under the same circumstances in relation to the same subject-matter.—*Matson v. Maupin*, 75 Ala. 312; *Davis v. Winslow*, 81 Amer. Dec. 573. By the charge given at the instance of the plaintiffs, the jury were instructed that, under the circumstances of this case, as disclosed by the evidence, due diligence required the defendants to have force enough to break the jams, if they were formed. This rule requires the defendant to keep force sufficient, at all times, to break jams as formed; or, at least, the jury would so understand the charge. The defendants have the right to a reasonable use of the creek, not only to raft their timber when there is sufficient water, but also to detain and keep it securely, when the water is at a low stage. If, in using the proper means for this purpose, jams were formed by the natural operation of the water, their removal in a reasonable time is the measure of the defendants' duty. The charge requires the exercise of a higher degree of diligence, than the law exacts; and being in general terms, without qualification, it was calculated to confuse and mislead the jury. Whether booms are necessary and customary to detain and preserve the timber, as also the time and reasonableness of the use of the creek by the defendants, and the removal of the jams in a reasonable time, were proper subjects for the consideration of the

jury, to be determined from all the evidence and circumstances. It follows that, if the defendants had the right to erect and extend a boom, and to continue it a reasonable time, they were not wrong-doers, and did not cause an obstruction for which an action can be maintained, if they exercised due care and diligence to prevent the formation of jams, or to break and remove them when formed.

A party can not recover for injuries caused by the negligence of another, if he himself has failed to exercise proper care, and his own negligence has proximately contributed to the injury. If it were established that the defendants unlawfully obstructed the creek, it was the duty of plaintiffs to exercise ordinary care to avoid the consequences. *Lilly v. Fletcher*, 81 Ala. 234. If plaintiffs, knowing of obstructions, drove their rafts upon them without allowing defendants time to remove them, this would be contributory negligence, which would defeat a recovery for damages sustained by the loss of their timber in attempting to pass the obstructions; though, if they were prevented from rafting their timber to market by reason of the obstructions, which they were unable to pass, they might maintain an action to recover the natural and proximate damages resulting therefrom. Notwithstanding, the charge requested by defendant, in relation to contributory negligence, was properly refused, for the reason, that its hypothesis does not include all the elements of contributory negligence in such case.

Reversed and remanded.