ANDREW OUTTERSON, Jr., Appellant, *v.* G. HENRY P. GOULD, Respondent.

*Floating logs on a river — when the owner of the logs is not liable for damages to a dam caused thereby — contributory negligence of the owner of the dam.*

A person has the right to use to a reasonable extent a river (which is navigable for the purpose of floating logs) for floating logs thereon through another's land; what is a reasonable use is a question of fact depending upon all the circumstances of the case.

Where logs are driven on a navigable river in an ordinary, prudent and skillful manner, the owner is not liable for damages which may result to the lands of riparian owners, and if the owner of a dam, injured by the floating of logs, has been guilty of negligence in the construction of his dam which has contributed to the injury, he cannot recover therefor.

APPEAL by the plaintiff, Andrew Outterson, Jr., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Lewis on the 27th day of July, 1893, upon the report of a referee, dismissing the complaint upon the merits.

*S. S. Trowbridge,* for the appellant.

*H. W. Bentley,* for the respondent.

MERWIN, J. :

The plaintiff and those whom he by assignment represents were, from 1881 to 1887, the owners of certain premises and water rights on Moose river in the town of Lyonsdale.. They kept and maintained thereon three dams for the purpose of accumulating and holding the water of the river for the use of a pulp mill. About three miles below on the same river the defendant, during that period and for many years previous, was the owner of a saw mill and was engaged in manufacturing lumber. In this business he was accustomed to obtain logs upon property above plaintiff's mill and float them down the river. This action is brought to recover damages which the plaintiff claims his property has sustained by reason of logs so floated by defendant down the river.

The claim of the plaintiff is that upon three occasions, one in or about January, 1884, one in the spring of 1885, and the other in November, 1886, the defendant's logs floated down the river to such an extent that they injured or partially destroyed the plaintiff's dams, thereby causing damage in the stoppage of the mill and the necessity for repairs.

It is not disputed that the dams of plaintiff were injured upon the occasions referred to, but the referee declines to find that the logs of the defendant on either occasion caused the injury. Upon each occasion the water in the river was high. Upon the first two occasions the ice was breaking up, and the referee attributes the injury upon those occasions to the ice and the high water. Upon the last occasion he attributes the injury to the improper construction of the plaintiff's dams. Upon each occasion there were logs of the defendant in the river that had been left over from previous drives. Whether this was done to an unreasonable extent was a question of fact. The referee has found that the defendant used reasonable care and caution in driving his logs in the river past the plaintiff's mill and was not guilty of negligence in that regard. The evidence authorized the referee to so find.

It was conceded that Moose river is a navigable stream for the purpose of floating logs and has been for many years, and that

defendant had the right to use the portion of the river through plaintiff's lands for the purpose of navigation or floating of logs thereon. In the exercise of such right he had a right to the reasonable use of the river. (Angell on Watercourses, § 541a; Gould on Waters [2d ed.], § 90; *Buchanan* v. *Grand River Log Co.*, 48 Mich. 364.) What is a reasonable use is a question of fact depending upon all the circumstances of the case. (*Bullard* v. *Saratoga V. M. Co.*, 77 N. Y. 525; *Pearson* v. *Rolfe*, 76 Maine, 380.) The log owner is not, ordinarily, liable for any damages arising incidentally and without his fault from the reasonable use. (*Witheral* v. *Booming Co.*, 68 Mich. 48; *Carter* v. *Thurston*, 58 N. H. 104.) In *Field* v. *The Apple River Log Driving Co.* (67 Wis. 569) it was held that where logs are driven in a navigable river in an ordinary, prudent and skillful manner, the owner is not liable for damages which may result to the lands of riparian owners. So it has been held that if the owner of a dam that has been injured by the floating of logs has himself been guilty of negligence in the construction of his dam, and that has contributed to the injury, he cannot recover. (*Miller* v. *Sherry*, 65 Wis. 129.) The same principle was held in *Harold* v. *Jones* (86 Ala. 274).

The main question in the present case was whether there had been any unreasonable use by defendant of the river by reason of which the plaintiff's property was damaged. This was a question of fact, and the referee has in effect determined it against the plaintiff. The evidence is, we think, sufficient to justify the conclusion of the referee.

The case of *Sheldon* v. *Sherman* (42 N. Y. 484) is cited by the counsel for plaintiff as applicable here. We think it is not. That was not the case of an injury arising incidentally from the reasonable use of the stream without fault on the part of the defendant.

No sufficient reason for the reversal of the judgment is apparent and it should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.