## OUTTERSON v. GOULD.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

Logs and Logging—Injury to Riparian Owner.
A log owner is not liable for damages to riparian owners arising incidentally, and without his fault, from the reasonable use of a river while driving his logs down a stream, and the question as to whether there was any unreasonable use is one of fact.

Appeal from judgment on report of referee.

Action by Andrew Outterson, Jr., against G. Henry P. Gould. The complaint was dismissed on the merits, and plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

S. S. Trowbridge, for appellant.

H. W. Bentley, for respondent.

MERWIN, J. The plaintiff, and those whom he by assignment represents, were, from 1881 to 1887, the owners of certain premises and water rights on Moose river, in the town of Lyonsdale. They kept and maintained thereon three dams for the purpose of accumulating and holding the water of the river for the use of a pulp mill. About three miles below, on the same river, the defendant, during that period, and for many years previous, was the owner of a saw-mill, and was engaged in manufacturing lumber. In this business he was accustomed to obtain logs upon property above plaintiff's mill, and float them down the river. This action is brought to recover damages which the plaintiff claims his property has sustained

by reason of logs so floated by defendant down the river. The claim of the plaintiff is that upon three occasions—one in or about January, 1884, one in the spring of 1885, and the other in November, 1886—the defendant's logs floated down the river to such an extent that they injured or partially destroyed the plaintiff's dams, thereby causing damage in the stoppage of the mill, and the necessity for repairs. It is not disputed that the dams of plaintiff were injured upon the occasions referred to, but the referee declines to find that the logs of the defendant, on either occasion, caused the injury. Upon each occasion the water in the river was high. Upon the first two occasions the ice was breaking up, and the referee attributes the injury upon those occasions to the ice and the high water. Upon the last occasion he attributes the injury to the improper construction of the plaintiff's dams. Upon each occasion there were logs of the defendant in the river that had been left over from previous drives. Whether this was done to an unreasonable extent was a question of fact. The referee has found that the defendant used reasonable care and caution in driving his logs in the river past the plaintiff's mill, and was not guilty of negligence in that regard. The evidence authorized the referee to so find.

It was conceded that Moose river is a navigable stream for the purpose of floating logs, and has been for many years, and that defendant had the right to use the portion of the river through plaintiff's lands for the purpose of navigation or floating of logs thereon. In the exercise of such right he had the right to the reasonable use of the river. Ang. Watercourses, § 541a; Gould, Waters (2d Ed.) § 90; Buchanan v. Log Co., 48 Mich. 364, 12 N. W. 490. What is a reasonable use is a question of fact depending upon all the circumstances of the case. Bullard v. Manufacturing Co., 77 N. Y. 525; Pearson v. Rolfe, 76 Me. 380. The log owner is not, ordinarily, liable for any damages arising incidentally, and without his fault, from the reasonable use. Witheral v. Booming Co., 68 Mich. 48, 35 N. W. 758; Carter v. Thurston, 58 N. H. 104. In Field v. Log Driving Co., 67 Wis. 569, 31 N. W. 17, it was held that, where logs are driven in a navigable river, in an ordinarily prudent and skillful manner, the owner is not liable for damages which may result to the lands of riparian owners. So it has been held that, if the owner of a dam that has been injured by the floating of logs has himself been guilty of negligence in the construction of his dam, and that has contributed to the injury, he cannot recover. Miller v. Sherry, 65 Wis. 129, 26 N. W. 612. The same principle was held in Harold v. Jones, 86 Ala. 274, 5 South. 438. The main question in the present case was whether there had been any unreasonable use by defendant of the river, by reason of which the plaintiff's property was damaged. This was a question of fact, and the referee has, in effect, determined it against the plaintiff. The evidence is, we think, sufficient to justify the conclusion of the referee. The case of Sheldon v. Sherman, 42 N. Y. 484, is cited by the counsel for plaintiff as applicable here. We think it is not. That was not the case of an injury arising incidentally from the reasonable use of the

stream without fault on the part of the defendant. No sufficient reason for the reversal of the judgment is apparent, and it should be affirmed.

Judgment affirmed, with costs. All concur.