HENDERSON *v.* DONIPHAN LUMBER COMPANY.

Opinion delivered April 4, 1910.

WATERS—USE OF STREAM—NEGLIGENCE.—A complaint which alleges that defendant negligently placed a large number of logs in a navigable river, and that the death of plaintiff's intestate was caused by a ferry boat in which he was crossing the river being overturned by

such logs, and by the defendant's failure to look after such logs, is *held* to state a cause of action.

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

· *Rachels & Robinson,* for appellant.

This court will take judicial notice of the fact that Little Red River is a navigable stream.  11 Wall. 411; 1 Greenl. Ev.; § 6; 26 Kan. 682; 28 Ind. 257; 10 Abb. N. C. 107; 64 N. W. 239.  The allegations of the complaint are sufficient averments that it is navigable.  39 Ark. 403.  A river of sufficient size to float logs in large quantities is a public highway, and is governed by the same rules of law.  39 Ark. 403; 53 Minn. 493; 53 Me. 256; 54 N. H. 545; 25 Fla. 1; 35 N. Y. 454; 42 Wis. 203; U. S. Rev. Stat., § 5251.  The logs constituted an unlawful obstruction to navigation.  U. S. Comp. Stat. 1901, p. 3540; Kirby's Dig., § 2989; 212 U. S. 406.  The complaint states a cause of action.  Kirby's Dig., § 6529; 16 Ark. 308; 44 Ark. 414; 63 Ark. 65; 54 Ark. 209; 61 Ark. 381.  It was negligence not to give notice to the man in charge of · the ferry of the approach of the logs.  75 Conn. 548.  Defendant is liable for the damages caused by the logs.  1 Q. B. Div. 314; 54 Ark. 209; 61 Ark. 381; 59 Ark. 215; 16 Ark. 308.

*S. Brundidge, Jr.,* and *H. Neelly,* for appellee.

To recover damages on acount of the unintentional negligence of another, it must appear that the injury was the natural and probable consequences thereof.  69 Ark. 405; 28 S. W. 416; 72 Ala. 411; 53 N. E. 558; 100 Fed. 359; 105 U. S. 249; 57 S. W. 770; 94 U. S. 469; 28 So. 26; 67 N. E. 923; 68 Pac. 608.  The allegations of negligence are too remote to constitute a cause of action.  67 N. E. 409; 63 Fed. 400; 42 Atl. 60; 52 N. E. 679; 62 N. E. 349.

McCULLOCH, C. · J.  This is an action at law, instituted by the administratrix of the estate of Vinson Henderson, deceased, to recover damages sustained by the widow and next of kin of said decedent by reason of his death, which is alleged to have resulted from drowning in Little Red River, on account of the overturning and sinking of a ferry boat, on which he was a passenger.  It is alleged that the boat was overturned by loose floating logs, which had been placed in the river by

defendant, and that the accident resulted from defendant's neg-. ligence in "placing logs loose in said river in such quantities and in such manner, and with such lack of aftercare and oversight as that the ordinary action of the current in said river caused them to occupy exclusively the surface thereof and to accumulate in jams and completely occupy the river from bank to bank." The court sustained a demurrer to the complaint on the alleged ground that it stated no cause of action, and plaintiff appealed.

The complaint is unnecessarily long, and contains many repetitions and immaterial statements. The court should have required plaintiff to recast the complaint so as to make it conform to the statute, which directs that it shall contain "a statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action." Kirby's Digest, § 6091, subdiv. 3. The question now before us for decision is whether or not the complaint stated facts sufficient to constitute a cause of action against defendant. Purged of its surplusage, the complaint sets forth in substance the following state of facts:

That defendant on, and immediately prior to, November 29, 1908, was engaged in the business of transporting logs in large quantities down Little Red River by placing them loose in the water and floating or driving them down stream, and that in so doing on the occasion specified it placed loose logs in the river in such quantities that the ordinary action of the current caused them to accumulate in large jams and completely occupy the river from bank to bank, to the exclusion of all other navigation; that this occurred at a point in the river above a road crossing where there was being operated a public ferry, known as Faulkner's Ferry, which was located just below a bend in the river, so that persons operating the ferry boat could not foresee the approach of dangerous objects above the bend; that defendant was negligent in permitting the loose logs to accumulate in such quantities, and in failing to exercise ordinary care to protect persons and property rightfully on the river from the danger thus created; that the defendant set no watch over the pile or jam of logs, and took no steps to warn other persons of the danger, although it knew, or by the exercise of

ordinary care could have known, that the jam was likely to be broken at any time by the ordinary current of the river and rush down upon and injure other property in the river and persons navigating the river at points below the jam; that defendant knew that the river was rising at that time, and that it would render the jam of logs more dangerous to other navigation, and took no steps to avoid the danger and prevent injury; that defendant knew that below said jam there was the public ferry boat customarily plying the river back and forth from bank to bank, at frequent intervals, and knew, or by the exercise of ordinary care might have known, that the great mass of logs accumulated above the ferry was rushing down and had almost reached the ferrying place, and took no steps to warn those operating the ferry of the approaching danger; that on account of such negligence the ferry boat on which Henderson was a passenger was struck amid stream and overturned by the down-rushing mass of logs, and Henderson was drowned.

We are of the opinion that the complaint stated a cause of action, and that the demurrer should have been overruled. Mr. Farnham in his work on Waters and Water Rights (vol. I, § 27), says that "the rules which govern the use of a body of water for purposes of navigation are similar to those governing the use of highways in general," and that all who use a stream or body of water for purposes of navigation must do so in such a way as not to unreasonably interfere with the rights of others. What constitutes reasonable use depends on the circumstances of each particular case.

The same author in another place (sec. 33) says: "A person attempting to exercise his right to navigate a public body of water must exercise due care not to injure the property of other persons which may be found upon the water or along the shores." And on the subject of floating logs on navigable waters he makes the following statement of the law (sec. 34): "The floating of logs being one of the uses to which navigable waterways may be put, there is no liability for the result of a careful and reasonable exercise of such use. * * * In the presence of concurrent rights, one to float timber, and the other to have property free from injury by the displacement of water and contact with floating timber, the former must be exercised

with ordinary care that injury should not be done to the latter."

By way of illustration of the above announced rule, the author says (sec. 31): "A slow-sailing tow may not occupy unreasonably the entire channel of the river and thus impede its navigation by all other vessels. A leviathan may not rush through the water with a speed that will overwhelm in its surges all the crafts ordinarily to be found on a river. * * * The navigator of a public river must conduct his craft with ordinary care and caution, and with the same circumspection and in that careful, prudent manner which would seem to be dictated by common sense, and with due regard to the rights, property and lives of others."

The Kentucky Court of Appeals, in a case involving the question of liability for damage caused by floating logs in a stream, said: "Those lawfully using the stream as a highway for transporting their commodities to market must do so with care and due regard for those whose rights are at least of equal dignity with their own. In this way all may fully enjoy the benefits offered by this highway of nature." *James* v. *Carter*, 96 Ky. 378. See also *Sullivan* v. *Jernigan*, 21 Fla. 264; *The Athabasca*, 45 Fed. 651; *Gulf Red Cedar Co.* v. *Walker*, 132 Ala. 553; *Outterson* v. *Gould*, 77 Hun 429; *Field* v. *Apple River Log Driving Co.*, 67 Wis. 569.

Now, applying the principles above stated to the facts set forth above in the complaint, we think a cause of liability for damages is made out. Little Red River is a navigable stream, used mainly for floating logs. Defendant and others have the right to use it for that purpose, even without rafting the logs; but in doing so they must exercise ordinary care to avoid injuring others who rightfully use the river for purposes of navigation. Those who use the river must take notice of defendant's use in floating logs in the usual way, and must exercise care to avoid contact with the logs. The question whether defendant made use of the stream in a careful manner—that is to say, free from negligence under the circumstances of the case—and whether the injured party exercised care under the circumstances for his own safety, are questions for a jury to pass on. According to the allegations of the complaint, defendant placed a large quantity of the logs in the river, and

without protection or warning to others allowed them to accumulate in a great mass or jam under circumstances which it should have known would, in the ordinary course of events, result in injury to others when it was broken by the rising waters and carried down the stream, filling it from bank to bank. If these facts are proved, the question should be submitted to a jury to determine whether or not it constituted negligence under the circumstances. The fact that Congress, which possesses the power, or the Secretary of War to whom Congress has delegated the power, has not prescribed regulations for floating loose timber on streams in which that is the principal method of navigation, does not leave entirely unrestricted the rights of one using such navigable stream. One so using it must exercise care in so doing, even where no regulations are prescribed governing the use.

The judgment is therefore reversed, and the cause is remanded with directions to overrule the demurrer to the complaint.