| 90 | 6̄2̄5̄ |
| 96 | 381 |

---

CASE 100—PETITION ORDINARY—NOVEMBER 11.

## Goodin's Ex'rs v. Kentucky Lumber Company.

APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

NAVIGABLE STREAMS—INJURY FROM FLOATING LOGS.—If a stream in its natural condition is capable of being used for floating vessels, rafts, logs, etc., and has in fact been used for that purpose, the public has an easement in it; and one who uses the stream for floating logs is not liable for an injury resulting therefrom, unless it was due to his negligence in handling the logs or in placing them in the stream at a time when he might have anticipated the injury. Therefore, where, by reason of an unprecedented rise in a stream which the public had the right to use, logs placed by the owner upon the bank of the stream, in order that they might be floated away by the high water, were swept away by the flood and caused great damage to property, the owner of the logs is not liable, as he had no reason to anticipate such a flood, and was, therefore, not negligent in placing the logs on the bank of the stream.

J. M. UNTHANK FOR APPELLANT.

The evidence shows no effort to guide the logs down the stream, and makes manifest appellee's carelessness and negligence.

A. DUVALL OF COUNSEL ON SAME SIDE.

Goodin's Ex'rs v. Kentucky Lumber Company.

J. W. ALCORN for appellee.

1. When the facts are ascertained, the question whether or not the stream' is a public highway is a question of law. (Morgan v. King, 18 Barb.,. 285; Rhodes v. Otis, 33 Ala., 598.)

2. The public have a right of way in every stream which is capable in its natural state and its ordinary volume of water of transporting, in a condition fit for market, the products of the forests or mines or the tillage of the soil upon its banks. It is not essential to the right that the property to be transported should be carried in vessels whereby it can be guided by the agency of man, provided it can ordinarily be carried safely without such guidance. (Morgan v. King, 35 N. Y., 459; Moore v. Sanborne, 2 Mich., 519; Boone Co. v. Speechly, 31 Mich., 344; Brown v. Chadburn, 31 Me., 9; Carter v. Thurston, 58 N. H., 104; Rhodes v. Otis, 33 Ala., 578; Davis v. Winslow, 51 Me., 264; s. c., 81 Am. Dec., 579, and notes.)

WM. LINDSAY, J. H. TINSLEY, R. D. HILL of counsel on same. side.

JUDGE PRYOR delivered the opinion of the court.

In the month of March, in the year 1886, a rise in the upper Cumberland river, unprecedented in its character, caused the waters to sweep over the lands, from hill to hill on either side, destroying farms, houses, fencing, orchards, and, in fact, making the entire improvements a wreck on all the farms bordering on the river for miles above the falls. The appellant's testator, John Goodin, owned a valuable farm that was almost ruined by the overflow, and prior to his death instituted this action against the Kentucky Lumber Company, alleging that the material injury and loss sustained by him was caused by the negligence of the company in placing its logs near the bank of the river without being secured, and in such a position as caused the high water to take them off, lodging them upon his land, against his dwelling, outhouses, fencing, etc., causing almost the entire destruction of

all improvements on his farm. It is also claimed that these logs were being rolled into the river after the rise had taken place, and at a time when any ordinarily prudent man would have foreseen the danger to the farms below.

There seems to be no special averment as to what constituted the negligence except the general statement that the logs were negligently placed on the banks and in the river, causing the injury, but that, it seems to us, authorized testimony to show that the logs were placed loose in the river at a time when any ordinarily prudent man should have anticipated the injury that would result from such acts on the part of the company's employes. The trouble in this case arises from the failure of proof on this point, and while the court below seems to have disposed of the issue by ordering a non-suit on the ground that the river was a navigable stream, still if the evidence was wanting showing neglect on the part of the defendant, the non-suit was proper.

It seems to us it was an immaterial question as to whether the river was or not navigable ; if the injury resulted from the neglect of the company a liability would arise. It is manifest from the proof that the Cumberland river above the falls for many miles had been used by the public for years in floating logs down its channel in high water to the mills below. The river was subject to this public servitude, and had been used for such purposes for a long period of time.

The rule seems to be that if the stream, in its natural condition, is capable of being used for floating vessels, rafts, logs, etc., and has in fact been used

for that purpose, the public has an easement in it. (Brown v. Chadburn, 31 Me., 9; Treat v. Lord, 42 Me., 552.)

These logs had to be floated to the saw-mills below, so as to be made into lumber, and this stream was the only outlet to the market, and whether carried in rafts or singly is immaterial. If the natural power of the stream was sufficient to transport the logs, the public had the right to use it, but not in such a manner as to destroy by neglect or wantonly the property of those who live on its banks. It depends at last on the nature and character of the stream and its capacity for use in the aid of commerce as to whether an easement exists in the public; and when the stream or the soil over which it runs is private property, and is incapable of being used in its natural condition for transportation, the public can assert no rights over it, except to condemn it for public use. Having the right to use this stream, the placing of logs on its banks that they might be taken off by the high water does not constitute negligence, and we fail to find any testimony showing that the logs were negligently handled, or that they were placed in any position that would justify a reasonably prudent man in thinking that injury would result from their being carried below by the high water. The company was in the exercise of a legal right, and by a sudden rise in the river that was not anticipated by either the company or the owners of the land below, the entire farms in the bottoms were overflowed, and the logs of the defendant, as well as the logs of others, causing much damage as they were carried away by the stream. We

see no reason for holding the company responsible under the circumstances, and a non-suit was properly ordered.

Affirmed.