CASE 60—PETITION ORDINARY—JANUARY 15.

## James, &c., v. Carter.

APPEAL FROM GRAVES COURT OF COMMON PLEAS.

1. NAVIGABLE STREAMS—RIGHTS OF OWNER OF MILL-DAM.—Where one had for more than fifty years maintained a mill-dam across a stream which was practically navigable, the vested rights which he had acquired by this long occupancy, and originally by condemnation proceedings in the county court, could not be disregarded even by those engaged in the lawful use of the stream, and, therefore, persons floating logs to market are liable to the owner for injuries to his dam resulting from their negligence, either in not securing their logs until a time when they could be safely turned adrift, or in the manner in which they were dislodged from the dam.

2. SAME—PREJUDICIAL ERRORS.—The defendants were not prejudiced by the action of the court in submitting to the jury the question as

James, &c., v. Carter.

to whether the stream was navigable, as they were not relieved from
responsibility for their negligence whether it was or was not navi-
gable.

HUSBANDS & HUSBANDS for appellants.

The West Fork of Clark's River was a navigable stream, and the dam
across it was a public nuisance that any citizen had a right to abate
either negligently or purposely. It was, therefore, error to instruct
the jury in effect that if appellants were guilty of negligence in
causing the dam to be broken they were liable, although the dam may
have been a public nuisance. (Cooley's Const. Limit., side page, 590;
10 Johnson, 236; 7 Dana, 428; Brown v. Chadbourn, 50 Am. Dec.,
641; 43 Am. Rep., 277; 35 N. Y., 454.)

WEBB & JOHNSON for appellee.

1. The West Fork of Clark's River is not a navigable stream. (Cooley's
Const. Limit., side page, 590; Morgan v. King, 91 Am. Dec., 58, 62;
6 Barb., 265; 14 Barb., 511.)
2. Whether the stream was or was not navigable, if appellants were neg-
ligent they are liable for damages. (Goodin's Ex'ors v. Ky. Lumber
Co., 12 Ky. Law Rep., 573; Mantebaum v. Russell, 4 Nev., 551; 16
Am. and Eng. Enc. of Law, 276; Anderson v. Cincinnati Southern
R. Co., 5 Ky. Law Rep., 663; Tye v. Catching, 78 Ky., 463.)

JUDGE HAZELRIGG delivered the opinion of the court.

This was an action by the appellee against the ap-
pellants for damages growing out of the negligence of
the latter in running their saw logs over and injur-
ing the mill-dam of the former, built across the West
Fork of Clark's river, in Graves county.

It appears that the appellee's dam was erected in
1836, and has remained continuously since then in its
present form, enabling the appellee and the former
owners to operate a grist mill and carding machine of
great convenience to the public.

The proof conduces to show that the logs of the ap-
pellants were not tied up and held ready for setting
them afloat when the freshet should be sufficient to
float them over the dam in accordance with the custom

and the instructions of the appellee, or, if so tied, it was insecurely done, and they were prematurely cast afloat and lodged or hung on the dam. In pulling them loose with ox teams and ropes the dam was injured.

We assume from the proof, as it accords with the finding of the jury, that the appellants were guilty of negligence either in not securing their logs until a time when they could safely be turned adrift, or in the manner in which they were dislodged from the dam.

The defense is that this stream is a navigable one in law under the facts established, and, therefore, the dam is a public nuisance, and might be abated by those entitled to this outlet for their logs; or at any rate that the dam owner would not be entitled to protection or to damages for injury to the obstruction.

Conceding that the stream had been used by the public for many years in floating logs down its channel in high water to the market below, and was inherently capable of such use by reason of its size and natural condition, or in other words that it is practically a navigable stream, yet it seems to us at last manifest that the vested rights of the appellee acquired by this long occupancy, and originally it appears by condemnation proceedings in the county court, can not be disregarded by even those who are engaged in the lawful use of the stream. In other words, those lawfully using the stream as a highway for transporting their commodities to market, must do so with care and due regard for those whose rights are at least of equal dignity with their own. In this way all may

fully enjoy the benefits offered by this highway of nature.

The instructions to the jury properly submitted the question of negligence in turning the logs loose prematurely, or in dislodging them from the dam, which was the real issue in the case.

The court also submitted the question of the navigability of the stream to the jury, but this was not prejudicial to the appellants. If the jury answered that it was navigable, we have seen it did not relieve the appellants from responsibility; and if they answered that it was not a navigable stream, the rights of the appellants were the more restricted, and their liability the more certain.

In Goodin's Ex'ors v. Kentucky Lumber Co., 90 Ky., 625, it was held that if a stream, in its natural condition, is capable of being used for floating vessels, rafts, logs, &c., and has, in fact, been used for that purpose, the public has an easement in it, and one who uses the stream for floating logs is not liable for an injury resulting therefrom, unless it was due to his negligence in handling the logs, or in placing them in the stream at a time when he might have anticipated the injury.

Judgment affirmed.