CLARA D. COYNE v. MISSISSIPPI & RUM RIVER BOOM COMPANY.

June 14, 1898.

Nos. 11,009—(137).

**Injury to Riparian Owner—Negligent Management of Boom—Break of Log Jam.**

If a party, in the exercise of a legal right,—more especially one conferred by statute,—does an injury to another's property, he is not liable for damages, unless they were caused by his want of the care and skill ordinarily exercised in like cases.

**Same—Navigable Stream—Due Care—Riparian Rights.**

The right of passage on a navigable stream is a common and paramount one, but must be exercised with due regard to the rights of riparian owners, and with ordinary care and skill. Floating logs in such a stream may cause damage to the estate of such owners; but if driven in an ordinarily careful, prudent manner, the party driving is not liable for damages which may result to the riparian owners.

Appeal by defendant from an order of the district court for Anoka county, Tarbox, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $150. Reversed.

*John B. Atwater*, for appellant.

*Everett Hammons*, for respondent.

COLLINS, J.

Plaintiff had a verdict in an action brought to recover for injuries claimed to have been caused by reason of defendant's construction and maintenance of certain piling, piers, and booms in the Mississippi river, above plaintiff's farm, whereby huge quantities of logs and ice were accumulated and held back in the spring of 1897, and then, because of the breaking away of the piling, piers, and booms, alleged to have resulted from defendant's negligent management and operation thereof, suddenly precipitated down the river and upon plaintiff's farm, by reason of which soil and trees along the banks were swept away and destroyed. Defendant's appeal is from an order denying its motion for a new trial, and the assignments of error go to the claim of counsel that the court should have dismissed the case when plaintiff rested; that there was

error in the admission of certain evidence in rebuttal; that the charge to the jury was erroneous in respect to the grounds upon which plaintiff could recover, and also in reference to the time up to which damages might be estimated in case damages were awarded to her.

The defendant is a corporation duly organized and acting under the provisions of Laws 1857 (Ex. Sess.) c. 60, and several amendatory acts. Its power and authority to build and construct piling, piers, and booms in the river mentioned,—a navigable stream,—and its right to handle and drive logs, under its franchise, stand conceded. It was exercising a lawful privilege when it erected piling and piers and maintained its booms at the point in question, but it was bound to exercise this privilege with due regard to the concurrent rights of riparian owners, above and below, to the use of their lands. And, as before noticed, the cause of action set forth in the complaint was based upon an allegation of defendant's negligence in the management and operation of its works above plaintiff's farm.

A part of the evidence was directed towards establishing that a great quantity of logs and ice gathered at defendant's piling, piers, and booms, causing a jam, and then broke loose, rushing down in a mass, and tearing and washing out more or less of the soil along the shores of the stream where it flowed through the farm; and a part was produced for the purpose of showing that defendant was careless and negligent in the management and operation of its booms, and carelessly and negligently allowed the jam to form, and then to break; and the court charged the jury upon this branch of the case. But it went further, and charged, in substance, that if the tearing and washing away of the soil along the shores were caused by the obstructions placed in the river by defendant, and this result might have been foreseen by an ordinarily prudent man, this constituted a taking of plaintiff's property, within the meaning of the law, for which defendant would be liable without regard to its negligence or carelessness in maintaining or operating its works. To this part of the charge defendant's counsel duly excepted.

We infer that the court relied upon the case of Weaver v. Mississippi & R. R. Boom Co., 28 Minn. 534, 11 N. W. 114, when using this

language. But the facts are not at all similar, for in that case it appeared that the company built its piers and hung its booms on Weaver's land, and directly invaded and appropriated it, not only by those acts, but by flooding with water, and casting quantities of logs and drift thereon, which, remaining when the water subsided, destroyed the usefulness of the land. It was with reference to these facts that it was held that there had been a taking of plaintiff's property by defendant, for which compensation could be recovered. It was not a mere consequential injury to plaintiff's land which was under consideration in the Weaver case, but a physical invasion and appropriation by a defendant who was not exercising a legal right when so doing. The authority relied on is not in point.

The defendant, in the exercise of its corporate franchise, and to facilitate its authorized work of handling and driving logs in a navigable river, constructed its piling and piers, and then hung booms, —one extending from an island on the east side of the main channel to the east shore; the other, from an island on the west side of said channel to the west shore; leaving the main channel, between the two islands, unobstructed. Logs were pocketed in both of these booms, but the latter did not give way, nor did the logs escape. The injuries complained of resulted from the jam which formed in the channel between the islands while defendant was lawfully handling and driving the logs from above. As the river was a navigable stream, the public, as well as defendant under its charter, had the right to use it as a highway for the floating or driving of logs; and the rights of riparian owners were subordinate to this use, if reasonably exercised. Doucette v. Little Falls Imp. & Nav. Co., 71 Minn. 206, 73 N. W. 847.

The doctrine stated in 1 Hilliard, Torts, 103, thus, "If a party, in the exercise of a legal right,—more especially one conferred by express statute,—does an injury to another's property, he is not liable for damages, unless they were caused by his want of the care and skill ordinarily exercised in like cases," is the one applicable where the right of passage in a navigable stream is involved. The right is a common and paramount one, but must be exercised with due regard to the rights of riparian owners. The use of the stream must

be reasonable, and must be exercised with ordinary care and skill, such as the great mass of mankind would exercise under like circumstances when driving logs. The party using the highway is not an insurer, but he must not be negligent and careless. Floating logs may cause damage to the estate of the riparian owner; but, if the party floating or driving the same uses due care and skill, he is not liable for such damage.

"Land on navigable streams is subject to the danger incident to the right of navigation, and where logs are driven in a stream in an ordinarily careful, prudent manner, the owner is not liable for damage which may result to the riparian owner."

Field v. Apple River, 67 Wis. 569, 31 N. W. 17; Harold v. Jones, 86 Ala. 274, 5 South. 438; White v. Nelson, 45 Mich. 578, 8 N. W. 587, 909; Lawler v. Baring, 56 Me. 443; Hollister v. Union Co., 9 Conn. 436; Lansing v. Smith, 8 Cow. 146; Thompson v. Androscoggin, 54 N. H. 558.

The gravamen of an action of this kind is defendant's negligence, and the charge was incorrect. We need not consider other alleged errors.

Order reversed.