CASE 13—ACTION FOR DAMAGES FOR TRESPASS—FEB. 27.

# Smith v. Atkins, &c.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

NAVIGABLE STREAMS—USE OF BANKS WITHOUT CONSENT OF OWNER.

Held: Persons using a navigable stream for purposes of navigation have no right to use the banks and trees growing thereon, either permanently or temporarily, without consent of the owner.

ALEXANDER LACKEY, ATTORNEY FOR APPELLANT.

This suit was brought to recover damages against the defendant for entering upon the plaintiff's land, against her consent, bordering on Big Blaine creek, and tying boom to the trees thereon and thereby causing large quantities of water, logs, staves, ties, drift, etc., to accumulate against the boom, and wash away her land and the bushes and trees growing thereon. The defendants admit they used booms in getting out timber along said stream, claiming that it is navigable, and tied same

to trees on the bank of said stream on plaintiff's land, but in so doing did no more damage than was reasonably necessary to carry on their business of floating timbers, &c., to market.

On the trial of the case the court instructed the jury to find for the defendants; if they believed from the evidence that the trees and banks belonging to the plaintiff were used in a careful and prudent manner, that is, without negligence, and so long only as was necessary to preserve and market their timber, no matter what injury was done the plaintiff.

Under this instruction the jury found for the defendants.

We contend that this is a taking of property for private use or convenience and authorizes one to injure another if it will prevent an injury to his property. Such a taking is prohibited by constitutional provision

If this is the law in this State, private rights must yield to other private rights and the property of one can be taken by another without compensation, which can not be done for public purpose.

### AUTHORITIES CITED.

Wharton's Crim. Law, sec. 1473; Cin. Cooperage Co. v. Com., 11 Ky. Law Rep., 628; Lorman v. Benson, 8 Mich., 18; 77 Am. Dec., 435; Grand Rap. Booming Co. v. Jarvis, 30 Mich., 308; Mills Em. Domain, secs. 79, 80 and 81; Pumley v. Canal Co., 13 Wall., 166.

HAGER & STEWART and STEWART & STEWART, Attorneys for Appellee.

No abstract right can be declared or maintained in behalf of a riparian owner asserted in denial to the public of the right of navigation. This court will assume, that acts done, though complained of, were necessary in order to enable appellees to exercise the right of navigation. The necessity for the use, and whether reasonable or not, at the time or during the continuation hereof, were necessarily for the jury.

The theory of plaintiff's claim, is not for damages for an obstruction to a public right, or for an injury, which she sustained as one of the public, but to a private right, peculiar, in its effects and consequences, to her, and apart from any right of the public.

Appellant's ownership of the land was in issue, and unless she sustains that issue by the evidence, verdict and judgment for the plaintiff will not be disturbed on the ground that the presumption here is that the lower court proceeded without error, and appellant fails to show what evidence was heard in the court below. Beavan v. Phillips, 83 Ky., 88

Upon the merits the law was correctly given in the instructions.

Am. & Eng. Ency., vol. 2, page 470; Moore v. Sanborn, 2 Mich., 93; Carter v. Thurston, 58 N. H., 104; Weise v. Smith, 3 Oregon, 445; Grand Rapids Booming Co. v. Jarvis, 30 Mich., 308.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

The appellant in this court was the plaintiff in the court below. She alleged that she was the owner and in possession of a tract of land situated in Lawrence county, Ky., binding on Big Blaine creek, from where it emptied into the Big Sandy river, up the creek for a distance of about one mile; that appellees had without right entered upon her land, taken possession of the banks, and erected booms across the creek, and fastened them to her land, and had thereby caused large quantities of water, logs, staves, ties, etc., to accumulate against the booms, and upon and against her land, and washed away her land, trees, bushes, etc., growing upon her land on the banks of the stream, and were threatening to continue to fasten said booms and other booms to her land—all of which, she complained, was greatly to her injury and damage. The first paragraph of defendants' answer is a traverse of the affirmative allegations of plaintiff's petition. In the second paragraph they say that Big Blaine creek is a navigable stream of water for the purpose of marketing the produce of the forests binding upon the stream; that the only mode of marketing the products of said forests at a reasonable cost is to float it out on the bosom of the creek during high or small tides; and that to do so, and to prevent the loss of the logs, it was necessary to erect booms across said creek to catch and hold them until they could be rafted into the Big Sandy river, and that for this purpose, and for no other, they use the banks and the timber along the creek, in a careful and prudent manner, and no longer

than it was necessary to enable them to catch and hold
their timber; and denied that any injury resulted to ap-
pellant's land, trees, bushes or banks by reason of any
wrongful or negligent use of same by them; that the boom
at the mouth of the creek was the means of catching rail-
road ties, staves and sawlogs floating down the creek;
and that its banks were charged with this easement and
servitude for the benefit of the public. In the third para-
graph defendants allege that they had purchased the
right to so use the banks from plaintiff's grantor by parol.
Plaintiff demurred generally to the whole answer, and
also to the first, second and third paragraphs, which were
overruled. Thereupon plaintiff filed a reply traversing
all of the affirmative averments of the answer. The trial
before a jury resulted in a verdict and judgment for the
defendants. Appellant objected to the giving of the sec-
ond and third instructions, which were based upon the
second and third paragraphs of the answer, which objec-
tion was overruled.

The principal question to be determined upon this ap-
peal is the rights of persons using a navigable stream for
purposes of navigation to use the banks, and trees grow-
ing thereon, either permanently or temporarily, for their
own use, without the consent of the owner. It is insisted
by appellees that the right to use the stream itself as a
public highway, for purposes of commerce, necessarily
includes therein such reasonable use of the banks as is
necessary to render the use of the stream itself available.
This doctrine was announced in the case of Weise v. Smith,
3 Or., 445, (8 Am. Rep., 621). Our attention has not been
called to a case where the question has been considered
by this court, but it has been frequently decided by the
courts of last resort in other States, and it seems to us

that the great weight of authority is in conflict with the conclusions reached by the Oregon court in the case, *supra*, and is to the effect that the absolute rights of persons in the use of a navigable stream for the purpose of navigation extend alone to the bed of the stream, and not to the appropriation of the soil, trees, and vegetation on its banks, either permanently or temporarily, to their own use; and such an appropriation is a taking of private property, within the meaning of the law, and can not be done, either by the public or an individual, without compensation to the owner. See Cooley, Const. Lim., 680; Ensminger v. People, 47 Ill., 384; Carlson v. Improvement Co. (Minn.), 75 N. W., 1044, (41 L. R. A., 371); Coyne v. Boom Co. (Minn.), 75 N. W., 748, (41 L. R. A., 494).

In our opinion, the second and third paragraphs of the answer do not state sufficient facts to support a defense, and the trial court erred in not sustaining the demurrers filed thereto. It consequently follows that the instructions based upon the averments of these paragraphs were erroneous and prejudicial to the rights of appellant. For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.