JULIA A. WILTSE v. CITY OF RED WING.[1]

October 19, 1906.

Nos. 14,958—(33).

**Escape of Water—Liability of City.**

The defendant constructed a reservoir on its premises one hundred fifty feet above the premises of the plaintiff, and brought into and stored therein some eight hundred thousand gallons of water for use in connection with its system of waterworks.   The reservoir gave way and the water was thrown upon the premises of the plaintiff in such volume and with such force that they were practically ruined thereby.   *Held*, following Cahill v. Eastman, 18 Minn. 292 (324), and later cases, that the defendant is liable for the damages caused by the water without proof of negligence on its part.

[1]Reported in 109 N. W. 114.

Action in the district court for Goodhue county to recover $2,312.50 for destruction of plaintiff's dwelling house and other injury to her premises. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of the plaintiff for $1,925.50. From an order granting a motion to set aside and vacate the verdict and granting a new trial, the plaintiff appealed. Reversed and cause remanded with direction to cause judgment to be entered upon the verdict.

The trial court refused to grant plaintiff's request to charge the jury as follows: The reservoir in question is conceded to have been constructed and was used by the defendant for the holding of a large amount of water; and it is undisputed in evidence that at the time of this disaster it contained about eight hundred thousand gallons of water, and it is also conceded that it was situate upon a high bluff near the plaintiff's premises. I instruct you that the natural tendency of the water contained in the reservoir was to do mischief if it escaped from the reservoir. It is conceded that the water did so escape, and did damage to the plaintiff's property. Upon these undisputed facts I instruct you that the defendant is liable to the plaintiff for the damages caused to her property.

*J. C. McClure,* for appellant.

Appellant cited Cahill v. Eastman, 18 Minn. 292 (324); Knapheide v. Eastman, 20 Minn. 432 (478); Berger v. Minneapolis Gaslight Co., 60 Minn. 296; Kray v. Muggli, 77 Minn. 231; and Simpson v. Stillwater Water Co., 62 Minn. 444, 446. These carefully considered cases show that, so far as this court is concerned, the doctrine is firmly established that the defendant is liable to the plaintiff for the injury she has sustained by reason of the bursting of this reservoir, without proof of negligence, carelessness or unskilfulness in the construction, or carelessness or negligence in the maintenance or operation of the same.

*F. M. Wilson,* for respondent.

The city had the lawful authority to erect, its needs of a water supply and fire protection demanded, its situation among the high bluffs on the Mississippi river required, and it had the governmental right to locate its reservoir for its best use. The city has had the experience of nearly twenty years certifying to the sufficiency of the reservoir.

The very fact that during all that time this reservoir had been in the same condition, and no accident of any kind after its acceptance had occurred, is most cogent evidence of the lack of any negligence on the part of the city. When a structure has been in daily use for years, and has uniformly proved safe, its use may be continued without the imputation of culpable negligence or carelessness. Gillett, Ind. & Col. Evid. 92; Hubbell v. City, 104 N. Y. 434, 439; Lafflin v. Buffalo, 106 N. Y. 136, 141; Stringham v. Hilton, 111 N. Y. 188, 197.

Suddenly the reservoir gives way in a small spot in the bottom, and this giving way may be justly termed "an accident"—that is, the happening of an event without the aid or design of a person and which is unforeseen, from which, of itself, no presumption of negligence arises. By "accident" is meant an inevitable occurrence, not to be foreseen or prevented by vigilance, care and attention, and not occasioned or contributed to, in any manner, by the act or omission of the defendant or its employees. An accident is an event from superior causes. An inevitable accident is one not resulting from neglect of any duty. Parrot v. Wells, Fargo & Co., 15 Wall. 524; Morris v. Platt, 32 Conn. 85; Dygert v. Bradley, 8 Wend. 473; Long v. Pennsylvania, 147 Pa. St. 343.

If, in the prosecution of a lawful act, a casualty purely accidental happens, and one which cannot be ascribed to any want of due care or skill on the part of the city, the party sought to be made liable therefor, no matter how grievous, no action can be supported for the damages arising therefrom. The contrary would obviously be against public policy, because it would impose so great restraint upon freedom as materially to check human enterprise. The principle is basic that mere happening of an accident through the existence of a defect not known, or by the exercise of ordinary care and skill could not be discovered, does not, per se, impute negligence. Kletschka v. Minneapolis & St. L. R. Co., 80 Minn. 238, 240; Thompson, Com. Negligence, § 14; Lawson, Presumptive Evid. 121.

The overwhelming weight of the authorities has established the rule that in order that liability may attach for injury occasioned by something not inherently dangerous and defective, which is found upon the grounds of or in use by one who is under a qualified obligation to the

injured person, it must be shown that the defendant either knew, or that by the exercise of such reasonable skill, vigilance and sagacity as are ordinarily possessed and employed by persons experienced in the particular business to which the thing pertains he should have known, of its dangerous and defective condition, and the natural and probable consequences of its use would be to produce injury to some one. The respondent cited Pennsylvania v. Sanderson, 113 Pa. St. 126; note to Rylands v. Fletcher, 1 Eng. Rul. Cas. 235; Bigelow, Lead. Cas. Tort, 492; Article by Judge Holmes, 14 Am. Law Rev. 1; note, 29 Am. Dec. 149.

The law of this country is settled that if one build a dam upon his own premises, and thus holds back and accumulates the water for his benefit and confines the water upon his premises in a reservoir, in case the dam or the banks of the reservoir give way, and the lands of a neighbor are thus flooded, he is not liable for damages without proof of some fault or negligence on his part.

START, C. J.

The plaintiff brought this action in the district court of the county of Goodhue to recover from the defendant damages which she claimed to have sustained by the escaping of some eight hundred thousand gallons of water which the defendant had stored in its reservoir on the side of a bluff above her property. The complaint alleged that the injury complained of was due directly to the negligence of the defendant in the construction and maintenance of the reservoir. The answer put in issue the allegation of the complaint. The issues were tried by a jury, and a verdict returned for the plaintiff in the sum of $1,925.50. The trial court granted the defendant's motion for a new trial on the ground that the verdict was not justified by the evidence, and the plaintiff appealed.

The controlling facts necessary to be considered on this appeal are substantially these: The city of Red Wing is a municipal corporation and as such is authorized to construct and maintain reservoirs, and to provide for the erection of waterworks for the supply of the inhabitants of the city and for protection against fire. On and for some two years prior to November 19, 1904, the plaintiff was the owner and in possession of a certain tract of land at the base of a steep bluff in the city

of Red Wing, upon which there was a dwelling house in which she and her family resided. On the side of this bluff, and some one hundred fifty feet above the premises of the plaintiff, the city constructed in the sandrock a reservoir and maintained it as a part of its waterworks system. On the day named it had stored in the reservoir some eight hundred thousand gallons of water taken from the river, which escaped, rushed down the side of the bluff in such volume and with such force and violence that the plaintiff's home was thereby destroyed, and her premises practically ruined.

The plaintiff on the trial of the action introduced evidence tending to show actual negligence of the city in the construction and maintenance of the reservoir and evidence was introduced on behalf of the city tending to show that it was not guilty of any negligence in the premises. The plaintiff, however, did not rest her right to recover solely upon the alleged negligence of the city but also claimed that it was liable upon the undisputed facts without proof of negligence in fact, and requested the trial court so to charge the jury, which was refused. She excepted to the ruling. The trial court submitted the case to the jury upon the question of the city's negligence in fact.

The plaintiff resisted the motion for a new trial upon the ground, among others, that upon the undisputed and admitted facts the verdict was right because, under the rule of this court established in the cases of Cahill v. Eastman, 18 Minn. 292 (324) 10 Am. 184; Knapheide v. Eastman, 20 Minn. 432 (478) ; and Berger v. Minneapolis Gaslight Co., 60 Minn. 296, 62 N. W. 336, the city was liable, without proof of negligence, for all damages directly due to the water which escaped from its control. The trial court adhered to its ruling on the trial when it refused to give the plaintiff's request, based on the cases cited, and held that the city was only liable for negligence in fact, and that there was no evidence to sustain a finding by the jury that it was thus negligent. It is obvious that if the city in this case was only liable for the damages sustained by the plaintiff upon proof by her of its actual negligence, then the order granting a new trial must be affirmed. On the other hand, if the city was liable without such proof being made, then the order must be reversed.

This brings us to the question whether the case is controlled by the cases cited. The learned trial judge attached to his order a very able

and exhaustive memorandum in which the adjudged cases were reviewed, and which seems to demonstrate that the doctrine of Rylands v. Fletcher, L. R. 3 H. L. 330, upon which the cases in this court are based, has been rejected as unsound in principle by a majority of the adjudged cases in this country. The question, however, is not an open one in this state, and the contention of the plaintiff must be sustained unless the cases in this court cited on her behalf are overruled. This we are not prepared to do for we ought to adhere to the former decisions of the court "unless they are clearly and manifestly erroneous or no longer adapted to changed conditions of society." State v. Manford, 97 Minn. 173, 106 N. W. 902.

The rule to be deduced from the decisions of this court is to the effect that a party who, for his own profit, keeps on his premises anything not naturally belonging there, *the natural tendency of which is to become a nuisance and to do mischief if it escapes,* is liable if it escapes, without proof of negligence, for all damages directly resulting therefrom. The only modification of the rule as stated in general terms in Cahill v. Eastman, made by the decision in the case of Berger v. Minneapolis Gaslight Co., was to add the clause we have italicized. In the Cahill case the damages were occasioned by the construction of a tunnel on the defendant's own premises through which the water rushed in destructive quantities upon the plaintiff's premises. In that case, as in this, the complaint alleged negligence in fact which was denied by the answer, and yet it was held that the plaintiff could recover without proof of such negligence.

The rule applies to the defendant for, although a municipal corporation, it was engaged in the business of supplying water to its inhabitants for profit, an undertaking of a private nature. This case then cannot be distinguished from the Cahill and later cases. The eight hundred thousand gallons of water which the defendant brought into its reservoir did not naturally belong there, and its natural tendency was to do mischief if it escaped. It follows that the plaintiff, upon the undisputed facts, was entitled, as a matter of law, to recover whatever damages she had sustained by the escaping of the water from the defendant's reservoir; and that the trial court erred in setting the verdict aside and granting a new trial.

The order appealed from must be reversed, and the cause remanded to the district court, with direction to cause judgment to be entered upon the verdict.   So ordered.