# THEODORE TORGERSON v. CROOKSTON LUMBER COMPANY and Another.[1]

November 28, 1913.

Nos. 18,483—(92).

**Logs — operation of dams — negligence.**

1. Persons operating dams in connection with the floating of logs down a stream navigable for such purpose, have no legal right, without purchase or prescription, to discharge water in destructive quantities outside of the bed of the stream upon the lands of lower riparian owners, and negligence is not the gist of the cause of action for damages so occasioned.

**Same.**

2. Where the overflow and damage are caused by a log jam in the river below, following discharge of water from the dam, the question is whether there was negligence in the operation of the dam or the handling of the jam.

**Evidence.**

3. In an action for damages caused by the overflowing of lands lying below such a dam, evidence tending to show conditions preceding, during, and subsequent to the flood, should be admitted liberally.

**Evidence of value and condition.**

4. Proof of the several items concerning value and condition of property destroyed should be admitted, though, under the issues, the ultimate fact to be proved is diminished rental value.

**Evidence inadmissible.**

5. The record in a prior action by another party for damages from the operation of the same dam, is inadmissible.

**Cross-examination under the statute.**

6. Where a party called for cross-examination under the statute is an unwilling witness, considerable latitude should be allowed in examining him.

[1] Reported in 144 N. W. 154.

Note. — The authorities on the liability for injuries to riparian owner by running logs in stream are collated in notes in 41 L.R.A. 494; 64 L.R.A. 983, 986; and 35 L.R.A.(N.S.) 824. And upon the correlative rights of log owners and riparian owners, see notes in 41 L.R.A. 377 and 32 L.R.A.(N.S.) 376.

Action in the district court for Clearwater county against Crookston Lumber Company and Robert Neving to recover $5,852. The case was tried before Wright, J., who directed a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*J. A. Hendricks,* for appellant.

*E. E. McDonald,* for respondent.

PHILIP E. BROWN, J.

Action for damages alleged to have been sustained by plaintiff and his assignors, from the overflowing of lands caused by the operation of dams across and floating logs in Clearwater river, in Clearwater county, claimed by plaintiff to be nonnavigable. When plaintiff rested in chief, the court directed a verdict for defendants. Plaintiff appealed from an order denying a new trial.

One of the dams, known as the Clearwater dam and operated by defendant corporation, was located at the outlet of a lake of the same name, its effect being to retain the waters above it for use in floating logs down stream. The river was from 30 to 60 feet wide and from three to six feet deep with banks three or four feet or less above high-water mark, and for years had been used for the purpose of floating logs. Evidence was received sufficient, if believed, to sustain a finding that in May, 1905, there was some head of water in the dam and a large number of logs in the river below it; that while such condition existed other logs were floated through the dam by defendant corporation; that though for some time prior thereto no heavy rains had occurred, considerable water came down the stream, and a jam followed, and the lands and crops of plaintiff and his assignors, including the garden of one of them, were overflowed, with resulting damage to crops and gardens, and leaving bark and branches on the premises. There was also evidence of similar damage in other years.

1. Defendants make no claim of right by prescription or purchase to flood the lands, but attempt to justify the court's action on the ground that the river was navigable for logs, and no negligence was established either in the operation of the dam or in the creation of the

jam. We agree that the stream was so navigable (Minnesota Canal & Power Co. v. Koochiching Co. 97 Minn. 429, 440, 107 N. W. 405, 5 L.R.A.(N.S.) 638, 7 Ann. Cas. 1182; Coyne v. Mississippi & R. R. Boom Co. 72 Minn. 533, 75 N. W. 748, 41 L.R.A. 494, 71 Am. St. 508) and also that the overflow was partially due to the jam, and no negligence was shown other than might be inferred from the discharge of water and logs from the dam; but we disagree with defendants' further contention that there was evidence sufficient to establish, as a matter of law, causes of damage from water other than those attributable to them. For reasons subsequently stated, however, the case will have to go back for retrial, and it is not necessary to discuss the questions involved on this branch of the controversy further than to indicate the principles upon which they must be determined. If it appears on retrial that water was intentionally let through the dam sufficient, in the absence of a log jam, to cause overflowing of the lands, defendants must be held liable for resulting damages, even though no negligence be proved. Wiltse v. City of Red Wing, 99 Minn. 255, 109 N. W. 114. Defendants had no legal right to gather water by artificial means and discharge it in destructive quantities outside the bed of the stream upon lands of plaintiff and his assignors. Negligence is not the gist of an action to recover damages so occasioned, and the lands of another cannot thus be appropriated without compensation. This rule is based upon both constitutional provisions and common-law principles. See Casey v. Mississippi & R. R. Boom Co. 108 Minn. 497, 500, 122 N. W. 376; Hueston v. Mississippi & R. R. Boom Co. 76 Minn. 251, 256, 79 N. W. 92; Gravel v. Little Falls Imp. & Nav. Co. 74 Minn. 416, 419, 77 N. W. 217; Carlson v. St. Louis River Dam & Imp. Co. 73 Minn. 128, 132, 75 N. W. 1044, 41 L.R.A. 371, 72 Am. St. 610; Weaver v. Mississippi & R. R. Boom Co. 28 Minn. 534, 540, 11 N. W. 113. If it appears that damages were occasioned, in whole or in part, by the jam, then the question will be whether such was due to want of care and skill ordinarily exercised in like cases. Casey v. Mississippi & R. R. Boom Co. supra; Mandery v. Mississippi & R. R. Boom Co. 105 Minn. 3, 116 N. W. 1027, 1135; Coyne v.

Mississippi & R. R. Boom Co. supra; Doucette v. Little Falls Imp. & Nav. Co. 71 Minn. 206, 73 N. W. 847. And in this connection defendants must be held charged with knowledge of the logs and stage of the water in the river below the dam prior to opening of the gates. See Casey v. Mississippi & R. R. Boom Co. supra, 501; Mandery v. Mississippi & R. R. Boom Co. supra, 5. Ownership of the logs is immaterial in such case on the question of the defendant corporation's liability if it was conducting the drive.

2. On the trial below, evidence should have been admitted liberally, which tended to show conditions preceding, during, and subsequent to the flood, including the amount of rainfall prior thereto, the stage of the water in and below the dam, its management, obstruction of the river, and handling of the jam. So also, while plaintiff abandoned all claims of injuries to the lands affected, and under the issues made and the course of the trial the ultimate fact to be proved was diminished rental value, proof of the several items concerning value and condition of the property injured or destroyed should have been allowed. Hueston v. Mississippi & R. R. Boom Co. supra.

The individual defendant, who was called by plaintiff for cross-examination, appears to have been an unwilling witness, and considerable latitude should have been allowed plaintiff in examining him under the circumstances.

Reversible error occurred in the regards above indicated. The record in a prior action, however, by another party seeking a recovery for damages from the operation of the dam, was properly excluded.

The rules and principles stated sufficiently cover the questions of law involved in plaintiff's claims of damages alleged to have been incurred in other years.

Order reversed.