# CHRIS N. JUHL and Another v. WILD RICE BOOM COMPANY.[1]

### July 31, 1914.

### Nos. 18,486–(69).[2]

**New trial — general verdict upon two causes of action.**

A new trial granted because the verdict was a general verdict, and the amount awarded for damages upon the second cause of action could not be separated. [Reporter.]

Action in the district court for Norman county to recover $4,000. The case was tried before Grindeland, J., who denied defendant's motions for a directed verdict on each cause of action and on both causes of action, and a jury which returned a verdict for $1,700 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Lind, Ueland & Jerome,* for appellant.

*Christian G. Dosland,* for respondent.

PER CURIAM.

The facts in respect to the principal question involved in this case are the same as those presented in Heiberg v. Wild Rice Boom Co. supra, page 8, 148 N. W. 517, and the decision therein rendered controls the result here. In this case there are two causes of action, namely: (1) For the alleged wrongful damming of the tributaries of the river; and (2) withholding the water therein until a large quantity had accumulated and then casting the same down in destructive quantities and washing out a part of plaintiff's mill dam. There was a general verdict for plaintiff, and though plaintiff showed a clear right to recover on the second cause of action, at least the evidence presented a case for the jury, the amount awarded for the injury there complained of cannot be ascertained because the verdict covered both causes of action. It cannot be separated, and for the error pointed out in the other case, which is also presented here, there must be a reversal.

Order reversed and new trial granted.

[1] Reported in 148 N. W. 520.        [2] April, 1914, term calendar.