# BRIDGEMAN-RUSSELL COMPANY v. CITY OF DULUTH.[1]

## March 28. 1924.

## No. 23,931.

**Escape of water in destructive quantity.**
　　1. No distinction can be made between waters escaping in destructive quantities from a broken reservoir and flooding the premises of an adjacent owner and such waters so escaping from a break in a principal main leading from such reservoir.

**Rule of Rylands v. Fletcher adhered to.**
　　2. The rule of Rylands v. Fletcher adopted in this state over 50 years ago, Cahill v. Eastman, 18 Minn. 292 (324), and specifically applied in Wiltse v. City of Red Wing, 99 Minn. 255, should be adhered to under the stare decisis doctrine.

Action in the district court for St. Louis county to recover $46,000 damages caused by a break in a water main. From an order, Dancer, J., overruling its demurrer to the complaint, defendant appealed. Affirmed.

*John B. Richards* and *Bert W. Forbes*, for appellant.
*Baldwin, Baldwin, Holmes & Mayall*, for respondent.

HOLT, J.
In overruling a demurrer to the complaint the court certified that the question presented was important and doubtful, thus enabling the defendant to appeal.

The substance of the complaint is: That the defendant is a municipal corporation with power to construct and operate waterworks for profit; that pursuant to such power it has installed and owns such works consisting of a large reservoir on the hilltop of the city at an elevation of more than 200 feet above plaintiff's buildings and property; that more than 14 million gallons of water are main-

[1]Reported in 197 N. W. 971.

tained in this reservoir; that leading therefrom through a large 20-inch main the water is conducted from the reservoir down past plaintiff's premises; that the pressure on said main at a point opposite such premises exceeds 12,000 lbs. to the square foot; and that a break in said main equal to its size would discharge more than 500,000 gallons per hour; that said main broke near plaintiff's premises and great quantities of water therefrom were discharged upon and invaded the same, causing damage to plaintiff in the sum of $46,000; that notice thereof was duly given defendant within 30 days. There are also allegations of wrongful trespass in that defendant cast this water upon plaintiff's premises to its damage. The complaint disclaims intention to charge the break or damage due to negligence.

It is clear that the pleader invokes the rule applied in the very similar case of Wiltse v. City of Red Wing, 99 Minn. 255, 109 N. W. 114. For defendant to prevail on this appeal, that case must either be distinguished upon the facts, or else it, and the prior cases upon which it is grounded, must be overruled.

There is no available basis upon which to distinguish the facts in this case from those present in the Wiltse case. The main here in question was of such size as to be capable, if broken, of discharging in little more than an hour as great a volume of water as the Red Wing reservoir could hold. It seems to us wholly immaterial whether this break occurred in the side of the reservoir on top of the hill or in this large main at the foot thereof. If the hole discharging the pent-up waters was of the same size, the destructive force of that issuing from the foot of the hill would be greater than from the top. Nor can the cases be differentiated on the ground that the authority granted the one city to maintain mains in the streets gives greater rights to invade the premises of its inhabitants than the authority granted the other to maintain a reservoir upon its own property. The duty to keep the destructive agency confined is as great in the one case as in the other. The break did not occur in any service pipe leading into plaintiff's premises.

We are not disposed to overrule a legal principle definitely adopted in this state more than 50 years ago in Cahill v. Eastman, 18

Minn. 292 (324), 10 Am. Rep. 184, and Knapheide v. Eastman, 20 Minn. 432 (478). It is the rule of Rylands v. Fletcher, L. R. 3 H. L. 330, adopted in England and still in force. It has been recognized, and adhered to up to the present time: Hannem v. Pence, 40 Minn. 127, 41 N. W. 657, 12 Am. St. 717; Berger v. Minneapolis Gas Light Co. 60 Minn. 296, 62 N. W. 336; Kray v. Muggli, 77 Minn. 231, 79 N. W. 964, 1026, 1064, 45 L. R. A. 218; Wiltse v. City of Red Wing, supra. It was not discredited in Gould v. Winona Gas. Co. 100 Minn. 258, 111 N. W. 254, 10 L. R. A. (N. S.) 889, for see Wiltse v. City of Red Wing, 100 Minn. 548, 111 N. W. 1134; nor by City Water Power Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L. R. A. (N. S.) 59, Ann. Cas. 1912A, 108. The rule of Cahill v. Eastman was again recognized as of unimpaired authority in Torgerson v. Crookston Lumber Co. 123 Minn. 476, 144 N. W. 154, and, under the doctrine of stare decisis, it should not be overruled unless its practical application under modern conditions has clearly demonstrated its unsoundness or injustice.

On the contrary, reason and the interest of justice seem to favor adherence to the rule rather than the reverse. Congestion of population in large cities is on the increase. This calls for water systems on a vast scale either by the cities themselves or by strong corporations. Water in immense quantities must be accumulated and held where none of it existed before. If a break occurs in the reservoir itself, or in the principal mains, the flood may utterly ruin an individual financially. In such a case, even though negligence be absent, natural justice would seem to demand that the enterprise, or what really is the same thing, the whole community benefited by the enterprise, should stand the loss rather than the individual. It is too heavy a burden upon one. The trend of modern legislation is to relieve the individual from the mischance of business or industry without regard to its being caused by negligence. Our safety appliance acts, workmen's compensation acts are examples. And even in states where Rylands v. Fletcher has been rejected, trespass may be maintained to recover damages for similar invasions of property from other substances than water, and, of course, without proof of negligence. Hay v. Cohoes Co. 2 N. Y.

159, 51 Am. Dec. 279; Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095; Mairs v. Manhattan Real Estate Assn. 89 N. Y. 498; Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. 274. The complaint in the case at bar charges trespass also, but, from the conclusion already reached that the rule of Rylands v. Fletcher should not be disturbed, it is not necessary to place an affirmance of the order upon the ground that a good cause of action for trespass is pleaded.

With reference to the decision in City Water Power Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L. R. A. (N. S.) 59, Ann. Cas. 1912A, 108, it may be said that in England, and in the states where Rylands v. Fletcher is followed, liability for waters escaping from dammed natural watercourses has always been placed on the ground of negligence, and is an exception to the rule. The same is true as to gas escaping from containers or from service mains in the street, as held in Gould v. Winona Gas Co. supra. Much was there said arguendo and really obiter, but the soundness of Wiltse v. City of Red Wing was not questioned, nor has it since been, where the facts are in substance similar.

The order is affirmed.