ALL AMERICAN FOODS, INC.,
Appellant,

v.

COUNTY OF AITKIN, Respondent,

William Sobey, Sheriff of Aitkin
County, Respondent,

George Howard, Deputy Sheriff, Aitkin
County, Defendant,

Melvin Jacobs, Individually and as a
Member of the Aitkin County Board
of Commissioners, Respondent,

C. J. Gravelle, Individually and as a
Member of the Aitkin County Board
of Commissioners, Respondent,

Kenneth Johnson, Assistant County Engi-
neer, Aitkin County, Respondent.

No. 47516.

Supreme Court of Minnesota.

May 19, 1978.

Mahoney, Dougherty & Mahoney and
Kenneth P. Gleason, Minneapolis, for appel-
lant.

Thomas B. Cline, County Atty., Aitkin,
for County.

William C. Hudson, Aitkin, for Sobey.

Charles H. Shure, Jr., Crosby, for Jacobs,
et al.

Michael F. Ryan, Aitkin, for Gravelle, et
al.

Clinton W. Wyant, Aitkin, for Johnson.

PER CURIAM.

This is an appeal from a judgment dis-
missing plaintiff's claim entered pursuant

to a motion for summary judgment. The action was brought by plaintiff, a Delaware corporation, alleging that the corporation was engaged in a farming operation in Aitkin County in 1972. The farming operation consisted of growing wild rice on paddies constructed on its land. A neighboring farmer complained to county officials that his lands were being flooded by waters flowing out of the county's drainage ditches and blamed an excess of the waters upon plaintiff.

The sheriff of the county and his deputy, on two separate occasions, closed plaintiff's drainage culverts to stop or slow down plaintiff's drainage of its paddies. The Aitkin county engineer on another occasion participated by sending a crew of men who closed a culvert outside of plaintiff's property causing the water to back up and flow upon plaintiff's land. The action was taken by the county official without the filing of formal complaints.

In essence plaintiff's complaint is that the county officers interfered with its land, causing a delay in an attempt to harvest the crop of wild rice it had planted on the land which resulted in a substantial loss to it. The water, not being permitted to run off the land, remained on the land, delaying the harvest.

There was considerable discovery, primarily by depositions. Each defendant moved for summary judgment or dismissal. The trial court dismissed the case, explaining his ruling in a memorandum made a part of his order, which reads in part as follows:

> "The Court who is presently finding All American Foods, Inc. not a proper party in interest had available for its use a partial transcript of an earlier trial aborted by a mistrial, in which one Mr. Cook, its president, testified that it had no legal title or ownership of the property in question at this particular time. Vague allusions may have been made to a possible security interest. If such other indicia of title or of the requisite property interest were present, plaintiff had a duty to present such evidence at the time defendants made their motions, either by affida-

> vit or otherwise to an extent that might have satisfied this Court."

The motions for summary judgment were based upon all files, records, pleadings, depositions, and answers to interrogatories. No supporting affidavit was filed.

The land upon which the rice crop was growing at the time of defendants' alleged acts was purchased by William L. Cook by contract for deed in June 1969. The plaintiff was formed as a Delaware corporation in November 1969. It was admitted by Cook that he never transferred title to the land to the corporation. The depositions were replete with evidence that since 1969 plaintiff conducted farming operations on the land involved and other nearby lands. Cook was the principal managing officer of the corporation.

It was not seriously disputed that the involved property was under cultivation by plaintiff. There was no evidence that anyone other than plaintiff was entitled to possession of the land.

■ Although plaintiff's cause of action is not so designated, it sounds in trespass. *Bridgeman-Russell Company v. City of Duluth*, 158 Minn. 509, 197 N.W. 971 (1924). The evidence is overwhelming and undisputed that plaintiff was in possession of the land and the crops at the time of the invasion of the water. The controlling legal principles are so fundamental that they are stated in 19A Dunnell, Dig. (3 ed.) § 9684 in considering the essentials of trespass as follows:

> "The two essential elements of trespass to realty are right of possession in plaintiff and wrongful and unlawful entry upon such possession by defendant."

and in 19A Dunnell, Dig. (3 ed.) § 9687 as follows:

> "Though title of the plaintiff may be an issue, it is not essential that it should be. It affects the measure of damages. It is not essential that the plaintiff have title and as against any one but the true owner it is sufficient if he has the possession. Actual possession of realty is prima facie evidence of ownership in fee in the

absence of evidence showing a superior title, and in such case is sufficient proof of title to sustain an action for damages to the freehold."

The trial court limited its reasons for the dismissal to the failure of plaintiff to prove title. Apparently no consideration was given to the admitted fact that plaintiff was in possession of the land at the time of the invasion of the water.

The lack of title in plaintiff is immaterial when plaintiff was admittedly in possession. There was undisputed proof that plaintiff's possession was interfered with by acts of defendants. Accordingly, a dismissal by summary judgment was inappropriate.

Reversed.